UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRENDA HATCHETT,

    Plaintiff,

v.                                       Case No. 04-72230

HEALTH CARE AND RETIREMENT        HONORABLE AVERN COHN
CORPORATION OF AMERICA, an Ohio
corporation d/b/a HEARTLAND HEALTH
CARE CENTER – DEARBORN HEIGHTS
and also d/b/a HCR MANOR CARE,

    Defendant.

_____/

## ORDER DENYING PLAINTIFF'S MOTION TO EXPAND THE RECORD ON APPEAL

I.

This is an employment discrimination case under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e-2 et seq.; and Michigan's Elliott-Larsen Civil Rights Act (ELCRA), MICH. COMP. LAWS § 37.2101 et seq. Plaintiff Brenda Hatchett (Hatchett) sued Defendant Health Care and Retirement Corp. of America, d/b/a Heartland Health Care Center–Dearborn Heights and HCR Manor Care (Heath Care), for (1) race discrimination based on disparate pay under Title VII and ELCRA and (2) retaliation under Title VII and ELCRA.

Defendant filed a motion for summary judgment on the grounds that Hatchett failed to provide sufficient evidence on her claims to survive summary judgment. The Court agreed, granted defendant's motion and dismissed the case. See Memorandum and Order filed May 6, 2005. Hatchett appealed; the appeal is pending in the Court of Appeals for the Sixth Circuit. Hatchett v. Health Care, 05-1790. According to the

docket sheet, Hatchett's final brief is due December 6, 2005, however she recently filed a proof brief which cited the following documents "to support factual assertions made in her statement of facts":  (1) an EEOC charge dated February 5, 2004, (2) an EEOC right to sue letter dated March 24, 2004, (3) a page from Health Care's handbook, (4) public records from the Michigan Department of Community Health.

Before the Court is Hatchett's motion to expand the record on appeal, filed five months after the Court's dispositive decision, to include the above documents which she admits were not considered by the Court in its summary judgment decision.  For the reasons that follow, the motion is DENIED.

## II.

Hatchett says that the above documents should be included in the record because they were erroneously omitted.  Hatchett points out that the Court mentioned the absence of the EEOC documents from the record in its summary judgment decision and therefore inclusion on appeal would give the Court of Appeals "the full picture" of the procedural background of the case.  Similarly, Hatchett says that the excerpt from Health Care's Handbook also needs to be included in order to give the Court of Appeals a full picture and creates no prejudice to Health Care because Health Care provided her with the document during discovery.  Finally, Hatchett says that the public records from the Michigan Department of Health should be included because they simply document her nursing license and have no bearing on the issues before the Court of Appeals.

Health Care opposes the motion because Hatchett had all of these documents at the time of summary judgment and admittedly did not include them in the record.  As such, there is no legal basis upon which to expand the record.

## II.

Federal Rule of Appellate Procedure 10 provides as follows:

> If anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded:
> (A) on stipulation of the parties;
> (B) by the district court before or after the record has been forwarded; or
> (C) by the court of appeals.

Fed. R. App. P. 10(e)(2). Cases interpreting application of this rule have held that its purpose is "to allow the district court to correct omissions from or misstatements in the record for appeal, not to introduce new evidence in the court of appeals." S & E Shipping Corp. v. Chesapeake & Ohio Ry. Co., 678 F.2d 636, 641 (6th Cir. 1982). Thus, the rule allows "modification of the record transmitted to the court of appeals so that it accurately reflects what happened in the district court," but does not permit adding material that was never before the district court in the first place. Id. at 641 n. 9 (citing United States ex rel. Mulvaney v. Rush, 487 F.2d 684, 687 n. 5 (3d Cir.1973)). Accord United States v. Barrow, 118 F.3d 482, 487-88 (6th Cir.1997) ("We have not allowed the rule to be used to add new evidence that substantially alters the record after notice of appeal has been filed; rather we have allowed enough modification to ensure the accuracy of the record.").

In Inland Bulk Transfer Co. v. Cummins Engine Co., 332 F.3d 1007, (6th Cir. 2003), the Court of Appeals held that supplementation under Rule 10(e) was not proper, stating:

> Rule 10(e) does not justify supplementation of the record in this case. Inland Bulk's motion to supplement the record is not aimed towards correcting some misstatement or omission in the district court's record. Inland Bulk has not even suggested that the record inaccurately reports the proceedings in the district court. Instead, Inland Bulk is simply attempting to add new material that was never considered by the district court. This is not permitted under the rule.

3

This is precisely what Hatchett is trying to do here.  The documents she seeks to include in the record on appeal were not part of the record or otherwise considered by the Court in its summary judgment decision.  Rule 10(e) does not permit supplementation in these circumstances.

Moreover, to the extent that Hatchett argues that the record should be supplemented under the equitable power of this court, as some circuits have held, see United States v. Kennedy, 225 F.3d 1187, 1192 (10th Cir. 2000), cert. denied, 532 U.S. 943 (2001); Ross v. Kemp, 785 F.2d 1467, 1474 n. 12 (11th Cir. 1986); Turk v. United States, 429 F.2d 1327, 1329 (8th Cir. 1970), this argument fails.  The Sixth Circuit has not yet held that a record may be expanded based on equitable powers.  See Chrysler Int'l Corp. v. Cherokee Exp. Co., No. 97-1003, 1998 WL 45488, at *3 (6th Cir. Jan.27, 1998); see also Hadix v. Johnson, 144 F.3d 925, 945 (6th Cir.1998) (noting that " '[b]ecause of their very potency,' the inherent powers of the courts 'must be exercised with restraint and discretion' ") (citations omitted).  Even assuming such a power exists, there are no special circumstances present that would justify its exercise here.  All of the new evidence Hatchett seeks to add to the record could have been presented to Court, and none of it establishes beyond doubt the proper disposition of this case.

SO ORDERED.

Dated:  October 17, 2005        s/Avern Cohn
                                AVERN COHN
                                UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 17, 2005, by electronic and/or ordinary mail.

                                 s/Julie Owens
                                Case Manager, (313) 234-5160

4